1

**McALLISTER TOWING & TRANSPORTA-
TION CO., Inc., Libelant-Appellee, v. UNIT-
ED STATES & FOREIGN SALES CORPO-
RATION, Respondent-Appellant.**

Circuit Court of Appeals, Second Circuit.
March 21, 1927.

No. 239.

Appeal from the District Court of the United States for the Eastern District of New York.

Baldwin & Barns, of New York City (Frank V. Barns, of New York City, of counsel), for appellant.

William F. Purdy, of New York City, for appellee.

Before MANTON, HAND, and SWAN, Circuit Judges.

PER CURIAM. Decree affirmed, with costs.

═══════

2

**MISSISSIPPI POWER & LIGHT COMPANY,
Plaintiff in Error, v. Mrs. L. L. STRONG,
Defendant in Error.**

Circuit Court of Appeals, Fifth Circuit. April 18, 1927.

No. 4978.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

R. L. Dent, of Vicksburg, Miss. (Hirsh, Dent & Landau, of Vicksburg, Miss., on the brief), for plaintiff in error.

John B. Brunini and J. K. Hirsch, both of Vicksburg, Miss. (J. D. Thames and Brunini & Hirsch, all of Vicksburg, Miss., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. The judgment is affirmed.

═══════

3

**Guy K. MITCHELL, Executor of Annie W. Mitchell, Appellant, v. Norman T. NELSON, Trustee in Bankruptcy of the Estate of Frank I. Louckes, Bankrupt, West Baltimore Bank, and Fidelity Trust Company, Appellees.**

Circuit Court of Appeals, Fourth Circuit. April 13, 1927.

No. 2543.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore, in Bankruptcy; Morris A. Soper, Judge.

On Petition to Modify Opinion and Decree.

Charles S. Hayden, of Baltimore, Md., for appellant.

Clarence A. Tucker, of Baltimore, Md. (Knapp, Tucker & Thomas, Jacob F. Murbach, and Wendell D. Allen, all of Baltimore, Md., on the brief), for appellees.

Before WADDILL and PARKER, Circuit Judges.

PER CURIAM. It appears that in the opinion filed in this cause on January 11, 1927 (16 F.[2d] 767), the court erroneously assumed that the crane and steam shovel therein referred to were sold for less than $1,760.40, the amount of the mortgage debt due Mitchell, and that upon this assumption the court erroneously stated that upon the principles decided in the case Mitchell, to the extent of his claim, after crediting upon it whatever he had received from property mortgaged to him and not covered by either of the prior mortgages, should participate ratably with the prior mortgagees in the net avails of the crane and shovel. It appears that, as a matter of fact, the crane and shovel sold for more than the amount of Mitchell's mortgage, and that the trustee in bankruptcy has retained from the proceeds of sale the amount of that mortgage to abide the result of this litigation.

The trustee has filed a petition praying that the statement in the opinion be corrected. We have examined the record carefully, and find that there was an erroneous expression in the opinion as indicated. We think, further, that as the error consisted, not in an erroneous adjudication of fact or of law, but in an erroneous assumption as to a fact not in controversy, the court has the power to correct the opinion to conform it to the admitted facts.

The opinion should therefore be so corrected as to state that the crane and shovel sold for a sum in excess of $1,760.40, the amount of Mitchell's mortgage, but that that amount was by agreement retained to abide the result of this litigation, and that in this sum of $1,760.40 Mitchell, to the extent of his claim, after crediting upon it whatever he has received from the property mortgaged to him and not covered by either of the prior mortgages, should participate ratably with the prior mortgagees, in accordance with the principles set forth in the next to the last paragraph of the opinion. And it is so ordered.

Opinion modified.